IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA


DEBORAH LEE SPEAS WEBB,          )
                                 )
              Plaintiff,         )
                                 )
         v.                      )    1:08CV00149
                                 )
VETERAN AFFAIRS MEDICAL          )
CENTER-SALISBURY,                )
                                 )
              Defendant.         )


**MEMORANDUM OPINION AND RECOMMENDATION OF MAGISTRATE JUDGE ELIASON**

This case comes before the Court on Defendant's motion to dismiss pursuant to Rules 8(a), 12(b)(1), and 12(b)(6) of the Federal Rules of Civil Procedure. It is supported by declarations and records.

From the various filings, the following appears. Plaintiff, who served a short stint in the United States Army in 1974, has been treated at multiple Veterans Affairs ("VA") medical centers since her enlistment. In March 2007, she filed an unsuccessful claim for pension benefits with the Department of Veterans Affairs, but did not appeal the subsequent denial of that claim. Plaintiff filed the present action in North Carolina state court on February 1, 2008, and the case was subsequently removed to this Court pursuant to 28 U.S.C. §§ 1441, 1442, and 1446.

The subject of Plaintiff's lawsuit is ambiguous and barely conjectural at best. It appears, from the inclusion of dollar amounts relating to various hospitals, that her claim may arise out of the denial of her application for VA benefits. However, other

portions of the complaint referring to various medical conditions and treatments, including "the Salisbury incident 6-15-07," indicate possible tort claims."[1] Unfortunately for Plaintiff, none of the language in the complaint can be said to even remotely place Defendant, as the responding party, on fair notice of the claims against it.

Under Fed. R. Civ. P. 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." In other words, a plaintiff must set forth the facts underlying her cause of action both concisely and in such a way that a defendant can adequately respond. See Conley v. Gibson, 355 U.S.41, 47 (1957). The policy that *pro se* complaints be liberally construed and that all possible inferences be drawn in favor of a *pro se* litigant does not mitigate this rule. Haines v. Kerner, 404 U.S. 519 (1972); see also Barsella v. United States, 135 F.R.D. 64 (S.D.N.Y. 1991). Confused, incoherent ramblings are simply insufficient to meet Rule 8(a)(2)'s requirements, regardless of the plaintiff's status. See, e.g., Peck v. Merletti, 64 F. Supp. 2d 599 (E.D. Va. 1999); Barsella, supra. Because, in the present case, Plaintiff's complaint consists of little more than a string of nonsensical sentence fragments, it clearly merits dismissal.

---

[1] Defendant states that records do not indicate that Plaintiff has been treated at Defendant's medical center in Salisbury since 2001, nor do they show that she was treated at any VA medical center on June 15, 2007.

Even if this Court were to find that Plaintiff adequately pled benefit and tort claims, such claims still would not be cognizable. As Defendant correctly notes and shows, this Court lacks the subject matter jurisdiction to review benefits determinations by the VA under 38 U.S.C. § 511. The Supreme Court has long held that § 511 (like its predecessor, § 211) precludes direct judicial review of individual benefits claims. See Johnson v. Robinson, 415 U.S. 361, 367 (1974); Zuspann v. Brown, 60 F.3d 1156, 1158 (5th Cir. 1995). As set forth in the Veterans' Judicial Review Act, veterans must instead appeal any denial of benefits to the Board of Veterans' Appeals. 38 U.S.C. § 710(a). Only after the Court of Veterans' Appeals reviews the Board's decision is the case reviewable and then only by the United States Court of Appeals for the Federal Circuit. 38 U.S.C. §§ 7252(a), 7266(a), and 7292. Zuspann, supra. Here, Plaintiff failed to take any of the above actions before filing the action now before the Court.

Any remaining tort claim alleged by Plaintiff is equally flawed. Tort claims against Defendant, a United States government entity, is controlled by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680. This Act provides that the United States must waive its sovereign immunity in order to be sued in tort. See Honda v. Clark, 386 U.S. 484 (1967). To accomplish this, a plaintiff must first file an administrative claim with the responsible federal agency. 28 U.S.C. § 2675(a); McNeil v. United States, 508 U.S. 106 (1993). Defendant shows no such claim has been filed. Such claims serve the duel purpose of precluding

unnecessary litigation and expediting fair settlements between the government and the complaining citizen.  <u>Adams v. United States</u>, 615 F.2d 284, 288 (5th Cir. 1980).  Significantly, filing an administrative claim is jurisdictional and cannot be waived.  <u>Plyler v. United States</u>, 900 F.2d 41, 42 (4th Cir. 1990).  Thus, Plaintiff's failure to file an administrative claim in the present case, like her failure to appeal her administrative claim for benefits, mandates dismissal for lack of subject matter jurisdiction.

For all of the above reasons,

**IT IS THEREFORE RECOMMENDED** that Defendants' motion to dismiss (docket no. 13) be granted, and that this action be dismissed.

_____
**United States Magistrate Judge**

November 19, 2008